IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr250

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| TRACY LYNN PETTY (5) ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine. (Doc. No. 547).

The defendant was originally sentenced to 240 months' imprisonment pursuant to the mandatory minimum sentence prescribed in 21 U.S.C. § 841(b)(1)(A), based on her plea to conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base and her prior drug-trafficking conviction. (Doc. No. 11: Information; Doc. No. 104: Indictment; Doc. No. 254: Plea Agreement; Doc. No. 450: Judgment; Doc. No. 451: Statement of Reasons). The Court subsequently granted the government's Rule 35 motion (Doc. No. 545) and reduced the sentence to 204 months (Doc. No. 555: Order).

In determining whether the defendant is entitled to a further reduction under the recent amendments to the guidelines, the Court must determine the guideline range as if the amendments had been in place at the time of sentencing. USSG §1B1.10(b)(1). If a statutory mandatory minimum exceeds the guideline range, the Court must use the statutorily required sentence as the starting point prior to considerations of departure. USSG §5G1.1(b); <u>United States v. Pillow</u>, 191

F.3d 403, 407 (4th Cir. 1999).  No reduction in sentence is authorized under 18 U.S.C. § 3552(c)(2) when an amendment has no effect because a statutory mandatory minimum prevents lowering the guideline range. USSG §1B1.10, comment. (n.1(A)(ii)); United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008); United States v. Robinson, No. 3:95cr178 (W.D.N.C. Aug. 22, 2008) (Whitney, J.); United States v. Thompson, 2008 WL 3853508, slip op. at 1 (W.D.N.C. Aug. 19, 2008) (Thornburg, J.); United States v. Holly, 2008 WL 2705602, slip op. at 3-4 (W.D.N.C. July 10, 2008) (Reidinger, J.); but see United States v. Foxx, 2008 WL 2986964, slip op. at 1 (W.D.N.C. July 31, 2008) (Mullen, S.J.) (calculating amended guideline range from resulting range following departure beneath mandatory minimum at original sentencing).

Here, the amended guidelines provide for a two-level reduction in offense level, but the resulting guideline range remains trumped by the 240-month mandatory minimum sentence prior to considerations of departure.  Therefore, the defendant is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 27, 2008

Robert J. Conrad, Jr.
Chief United States District Judge