IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv257
(3:04cr250-5)

| | |
|---|---|
| TRACY PETTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before this Court on the petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). After consideration of the motion and the record of prior proceedings, it plainly appears that the petitioner is not entitled to relief; therefore, the motion will be dismissed.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On September 27, 2004, the grand jury charged the petitioner and seventeen other individuals with conspiring to possess with intent to distribute five kilograms or more of cocaine powder and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (Count One). (Case No. 3:04cr250, Doc. No. 3: Indictment). The petitioner was also charged with two counts of possession with intent to distribute a quantity of crack, or aiding and abetting those offenses, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Counts Nine and Fifteen). The indictment was superseded to specify that the amount of cocaine base reasonably foreseeable to the petitioner in Count One was at least fifty grams but less than 150 grams and the amount of

cocaine base involved in Count Fifteen was at least five but less than fifty grams. (Case No. 3:04cr250, Doc. No. 104).

On June 21, 2005, the petitioner entered a plea agreement in which she agreed to plead guilty to Count One. (Case No. 3:04cr250, Doc. No. 254 at ¶ 1). The agreement noted the petitioner's understanding that she faced "not less than 20 years and not more than life imprisonment." (Id. at ¶ 4). The parties stipulated that the amount of cocaine base for which the petitioner could be held accountable was at least fifty but less than 150 grams. (Id. at ¶ 7(a)). The agreement provided the government the option to request the petitioner's cooperation, (Id. at ¶ 23), and gave the government sole discretion to determine whether any cooperation warranted a sentence reduction, (Id. at ¶ 24) .

On July 8, 2005, the petitioner entered a guilty plea before a magistrate judge. She testified that her mind was clear and that she understood that she was there to enter a guilty plea that could not subsequently be withdrawn. (Plea and Rule 11 Hearing Tr. at 3). She affirmed that she had discussed her case with her attorney. (Id. at 3-4). The petitioner also told the Court that she understood the charge and the twenty-year minimum term of imprisonment she faced with her guilty plea. (Id. at 4-5). She stated that she understood and agreed to the terms her Plea Agreement and that no one had made her any other promises to induce her guilty plea. (Id. at 18, 20-21). The petitioner thanked her counsel for helping her through this situation and answering her questions. (Id. at 23). The magistrate judge found that her guilty plea was knowingly and voluntarily made. (Case No. 3:04cr250, Doc. No. 266: Entry and Acceptance of Guilty Plea).

The petitioner was represented by new counsel[1] at the sentencing hearing on March 30, 2006. She acknowledged her plea before the magistrate judge, her oath to answer his questions truthfully, and her signing a form confirming that her answers in the plea hearing were true. (Case No. 3:04cr250, Doc. No. 495: Tr. at 2). The petitioner conceded that her first attorney had reviewed her plea agreement with her, that the magistrate judge also had reviewed the document with her, and that her ability to cooperate was only at the government's request. (Id. at 3-4). Even so, she claimed that she did not understand that the government retained the discretion to determine whether any assistance was substantial.[2] (Id. at 4-5). Accordingly, she moved to withdraw her plea. (Id. at 7).

The Court found that there was no fair and just reason to grant the motion because: (1) she had failed to offer credible evidence that her guilty plea was unintelligently and involuntarily tendered; (2) she had not asserted a claim of innocence, particularly in the face of the overwhelming evidence of her guilt; (3) she had delayed making her request to withdraw her guilty plea; (4) she had received the close assistance of competent counsel during the pre-plea phase of her case; (5) the government would be prejudiced by the withdrawal; and (6) the Court would be inconvenienced and judicial resources would be wasted if the motion were granted. (Id. at 9-11). See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (discussing factors to be

---

[1] On January 3, 2006, her first counsel filed a motion to withdraw based on a grievance filed against him with the local bar association by the petitioner's godmother, contending that he had mishandled the case. Counsel was allowed to withdraw and new counsel was appointed. (Case No. 3:04cr250, Doc. No. 375: Order).

[2] The Court subsequently granted the government's motion to reduce the sentence based on the petitioner's substantial assistance, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. (Case No. 3:04cr250, Doc No. 555: Order).

considered on motion to withdraw guilty plea). The Court then imposed the mandatory minimum twenty-year term. (Id. at 27; Case No. 3:04cr250, Doc. No. 450: Judgment).

On direct appeal, the petitioner claimed that the Court erred in denying her motion to withdraw the plea. (Case No. 3:04cr250, Doc. No. 542: Opinion at 2). On June 4, 2007, the Fourth Circuit held that the petitioner "clearly was aware of the statutory mandatory minimum sentence." (Id.). The appellate court further found that the petitioner was bound by her statements during the plea hearing about reviewing the plea agreement with her counsel, understanding its terms, and entering her plea freely and voluntarily, and, therefore, affirmed the conviction and sentence. (Id. at 3-4).

In the instant timely-filed Motion to Vacate, the petitioner argues that her first attorney was ineffective for allegedly failing to inform her about the mandatory minimum; coercing her plea with a promise; not explaining the risks and benefits of the plea; misinforming her about the plea agreement; failing to present mitigating evidence; failing to conduct his own investigation; and failing to investigate her competency. (Doc. No. 1: Motion at 5; Memorandum at 1).

## II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs sentencing courts to promptly examine motions to vacate. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief, the reviewing court must dismiss the motion.

### A. Allegations regarding the Plea Agreement

The petitioner alleges several ways that her first attorney was ineffective regarding the plea agreement. To establish a claim of ineffective assistance of counsel, a petitioner must show

4

that counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In determining reasonableness, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l of State of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992).

The prejudice prong of the Strickland test is slightly modified when a petitioner challenges a conviction after having entered a guilty plea. Fields, 956 F.2d at 1297. Under those circumstances, a petitioner can establish prejudice only by showing that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotation marks omitted)). If a petitioner cannot demonstrate the requisite prejudice, the claim fails. Fields, 956 F.2d at 1297. Additionally, a petitioner's earlier statements made under oath are binding absent "clear and convincing evidence to the contrary." Id. at 1299 (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)).

As noted in the Fourth Circuit's opinion resolving the direct appeal, the record does not support a claim of ineffective assistance of counsel regarding the plea agreement. The petitioner testified previously that she had enough time to review the plea agreement with her attorney. The plea agreement and the magistrate judge communicated that she faced a mandatory minimum sentence of twenty years, which she admitted that she understood. The petitioner affirmed that no one made any promises to induce her guilty plea other than those in the plea agreement. She stated she was satisfied with her attorney and thanked him for answering her questions.

5

The petitioner has not provided clear and convincing evidence to contradict these earlier statements under oath. Accordingly, the uncorroborated allegations in the Motion to Vacate do not warrant an evidentiary hearing. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Even if counsel misinformed her about the plea agreement or failed to inform her about the mandatory minimum, the properly conducted plea hearing erased any prejudice.[3] United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). Therefore, in plainly appears from the record that the petitioner is not entitled to relief on these claims.

### B. Remaining Allegations

The petitioner's remaining claims relate to counsel's alleged failure to present mitigating evidence, to conduct his own investigation, and to investigate her competency. The petitioner has not shown that any such information existed, or that it would have affected the outcome in her case. Because the original sentence was set by the statutory mandatory minimum, the petitioner's sentence would not have been any different had mitigating evidence been presented. Her admission of guilt to the drug conspiracy and drug amount involved obviated any need for additional investigation. Finally, the petitioner has not shown any grounds for counsel to have questioned her competency at the time of her guilty plea and sentencing. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Therefore, she is not entitled to an evidentiary hearing on these claims.

---

[3] The petitioner's complaints about the mandatory minimum are now moot since the Court reduced her sentence to 204 months pursuant to Rule 35.

**III.    CONCLUSION**

The Court has considered the motion and documents submitted by the petitioner along with the entire record of this matter and finds it is clear that she is not entitled to relief on any of her claims.

**IT IS, THEREFORE, ORDERED** that the petitioner's Motion to Vacate (Doc. No. 1) is **DISMISSED.**

Signed: October 14, 2008

Robert J. Conrad, Jr.
Chief United States District Judge