IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04-CR-00250-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY LYNN PETTY (5) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a sentence reduction based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine. (Doc. No. 714), the government's response filed May 6, 2015, (Doc. No. 817), and related pleadings.[1]

The defendant was originally sentenced to 240 months' imprisonment pursuant to the mandatory minimum sentence prescribed in 21 U.S.C. § 841(b)(1)(A), based on a plea to conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base and her prior drug-trafficking conviction. (Doc. No. 11: Information; Doc. No. 104: Indictment; Doc. No. 254: Plea Agreement; Doc. No. 450: Judgment; Doc. No. 451: Statement of Reasons). The Court subsequently granted the government's Rule 35 motion, (Doc. No. 545) and reduced the sentence to 204 months, (Doc. No. 555: Order).

The instant motion, liberally construed, seeks a further reduction based on Amendment 750 which reduced crack cocaine offense levels by 2.[2] USSG Supp. to Appx. C. (2011).

---

[1] The defendant has been persistent in seeking a sentence reduction. (See e.g. Doc. Nos. 788, 807, 810, 814: Motions). However, until the most recent guideline amendments she did not qualify for relief for the same reasons the Court denied a previous motion. (Doc. No. 589: Order).

[2] The defendant cites Amendment 748, (Doc. No. 714: Motion at 1), but that amendment incorporated specific offense characteristics triggered by the Fair Sentencing Act of 2010. USSG Supp. to Appx. C. (2010).

Amendment 780 recently amended USSG §1B1.10 to provide that the Court is not to consider §5G1.1 when determining the amended guideline range of a person sentenced beneath a statutory minimum based on substantial assistance to the government.[3] USSG Supp. to Appx. C. at 54 (2014). The government and the United States Probation Office agree that the combination of these two amendments now affords the defendant relief. (Doc. No. 817: Response at 4; Doc. No. 813: Supplement to PSR at 2). Thus, the amended guidelines provide for a total offense level of 25 resulting in a range of 70-87 months, given the defendant's criminal history category of III. (Doc. No. 813: Supplement to PSR at 2). The defendant's current sentence is 85% of the low-end of her previous guideline range based on her substantial assistance. Section §1B1.10(b)(2)(B) allows the Court to apply a comparable reduction to the amended guideline range, which results in a potential sentence of 60 months. (Id.).

The defendant has credited time in the Bureau of Prisons of approximately 144 months. (Id.). It appears that she has made productive use of vocational and self-improvement programs while incarcerated with minimal disciplinary infractions. (Id. at 2-3). Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 714), is **GRANTED** and the defendant's sentence for Count One of the Superseding Indictment is

---

[3] This change resolved a circuit split and overcame the Fourth's Circuit's position that the starting point for comparison was the mandatory minimum where §5G1.1(b) applied. See USSG Supp. to Appx. C. at 55-56 (2014); and United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009). The defendant's previous motion under Amendment 706 was denied based on the law controlling at the time, (Doc. No. 589: Order at 2), which was affirmed by the Fourth Circuit, (Doc. No. 669: Opinion).

reduced to the time served plus 10 days from entry of this Order to process her release. All other conditions remain unchanged. The defendant's other motions seeking similar relief, (Doc. Nos. 788, 807, 810, 814), are **DENIED** as moot.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: May 19, 2015

Robert J. Conrad, Jr.
United States District Judge